## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH POST, Individually and On Behalf of All Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) ) Case No. _____ ) |
| v. | ) JURY TRIAL DEMANDED ) |
| PORTOLA PHARMACEUTICALS, INC., HOLLINGS C. RENTON, JEFFREY BIRD, LAURA BREGE, DENNIS FENTON, SCOTT GARLAND, JOHN H. JOHNSON, TED LOVE, DAVID C. STUMP, H. WARD WOLFF, ALEXION PHARMACEUTICALS, INC., and ODYSSEY MERGER SUB INC., | ) CLASS ACTION ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1. This action stems from a proposed transaction announced on May 5, 2020 (the "Proposed Transaction"), pursuant to which Portola Pharmaceuticals, Inc. ("Portola" or the "Company") will be acquired by Alexion Pharmaceuticals, Inc. ("Parent") and Odyssey Merger Sub Inc. ("Merger Sub," and together with Parent, "Alexion").

2. On May 5, 2020, Portola's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Alexion. Pursuant to the terms of the Merger Agreement, Merger Sub commenced a tender offer (the "Tender Offer") to purchase all of Portola's outstanding common

stock for $18.00 in cash per share. The Tender Offer is set to expire on July 1, 2020.

3. On May 27, 2020, defendants filed a Solicitation/Recommendation Statement (the "Solicitation Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4. The Solicitation Statement omits material information with respect to the Proposed Transaction, which renders the Solicitation Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(e), 14(d), and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Solicitation Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over all claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(e), 14(d), and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391 because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Portola common stock.

9. Defendant Portola is a Delaware corporation and maintains its principal executive offices at 270 E. Grand Avenue, South San Francisco, California 94080. Portola's common stock

is traded on the NASDAQ Global Select Market under the ticker symbol "PTLA."

10. Defendant Hollings C. Renton is Chairman of the Board of the Company.

11. Defendant Jeffrey Bird is a director of the Company.

12. Defendant Laura Brege is a director of the Company.

13. Defendant Dennis Fenton is a director of the Company.

14. Defendant Scott Garland is President, Chief Executive Officer, and a director of the Company.

15. Defendant John H. Johnson is a director of the Company.

16. Defendant Ted Love is a director of the Company.

17. Defendant David C. Stump is a director of the Company.

18. Defendant H. Ward Wolff is a director of the Company.

19. The defendants identified in paragraphs 10 through 18 are collectively referred to herein as the "Individual Defendants."

20. Defendant Parent is a Delaware corporation and a party to the Merger Agreement.

21. Defendant Merger Sub is a Delaware corporation, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

22. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Portola (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

23. This action is properly maintainable as a class action.

24. The Class is so numerous that joinder of all members is impracticable. As of May 1, 2020, there were approximately 78,483,617 shares of Portola common stock outstanding, held

by hundreds, if not thousands, of individuals and entities scattered throughout the country.

25. Questions of law and fact are common to the Class, including, among others, whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

26. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

27. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

28. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

29. Portola is a global, commercial-stage biopharmaceutical company focused on the discovery, development, and commercialization of novel therapeutics that could significantly advance the fields of thrombosis and other hematologic conditions.

30. The Company's first two commercialized products are Andexxa® [coagulation factor Xa (recombinant), inactivated-zhzo], marketed in Europe as Ondexxya® (andexanet alfa), and Bevyxxa® (betrixaban).

31. The Company is also advancing cerdulatinib, a SYK/JAK inhibitor being developed for the treatment of hematologic cancers

32. On May 5, 2020, Portola's Board caused the Company to enter into the Merger Agreement with Alexion.

33. Pursuant to the terms of the Merger Agreement, Merger Sub commenced the Tender Offer to acquire all of Portola's outstanding common stock for $18.00 per share in cash.

34. According to the press release announcing the Proposed Transaction:

Alexion Pharmaceuticals, Inc. (NASDAQ:ALXN) and Portola Pharmaceuticals, Inc. (NASDAQ:PTLA) announced today that they have entered into a definitive merger agreement for Alexion to acquire Portola, a commercial-stage biopharmaceutical company focused on life-threatening blood-related disorders. Portola's commercialized medicine, Andexxa® [coagulation factor Xa (recombinant), inactivated-zhzo], marketed as Ondexxya® in Europe, is the first and only approved Factor Xa inhibitor reversal agent, and has demonstrated transformative clinical value by rapidly reversing the anticoagulant effects of Factor Xa inhibitors rivaroxaban and apixaban in severe and uncontrolled bleeding. The acquisition will add near-term diversification to Alexion's commercial portfolio and provides the opportunity to apply the company's demonstrated global commercial excellence to create long-term value for patients and shareholders. The merger agreement has been unanimously approved by the boards of Alexion and Portola. . . .

Transaction Details

Under the terms of the merger agreement, a subsidiary of Alexion will commence a tender offer to acquire all of the outstanding shares of Portola's common stock at a price of $18 per share in cash. The tender offer is subject to customary conditions, including the tender of a majority of the outstanding shares of Portola common stock, the expiration or termination of the waiting period under the Hart-Scott Rodino Antitrust Improvements Act of 1976 and receipt of certain other regulatory approvals.

>Following successful completion of the tender offer, Alexion will acquire all remaining shares not tendered in the offer at the same price of $18 per share through a merger. The transaction is expected to close in the third quarter of 2020. . . .
>
>RBC Capital Markets, LLC served as Alexion's exclusive financial advisor. Centerview Partners served as Portola's exclusive financial advisor. Cooley LLP served as Portola's legal advisor.

***The Solicitation Statement Omits Material Information, Rendering It False and Misleading***

35.    Defendants filed the Solicitation Statement with the SEC in connection with the Proposed Transaction.

36.    As set forth below, the Solicitation Statement omits material information with respect to the Proposed Transaction, which renders the Solicitation Statement false and misleading.

37.    First, the Solicitation Statement omits material information regarding the Company's financial projections.

38.    The Solicitation Statement fails to disclose, for each set of projections: (i) all line items used to calculate unlevered free cash flow; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

39.    The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

40.    Second, the Solicitation Statement omits material information regarding the analyses performed by the Company's financial advisor in connection with the Proposed Transaction, Centerview Partners LLC ("Centerview").

41.    With respect to Centerview's Discounted Cash Flow Analysis, the Solicitation Statement fails to disclose: (i) all line items used to calculate unlevered free cash flows; (ii) the

individual inputs and assumptions underlying the range of discount rates of 9.5% to 11.5% and the range of rates of free cash flow decline of 30.0% to 20.0%; (ii) the potential standalone tax savings from federal net operating losses; and (iii) the Company's fully diluted shares outstanding.

42. With respect to Centerview's analysis of stock price targets, the Solicitation Statement fails to disclose: (i) the price targets observed by Centerview in the analysis; and (ii) the sources thereof.

43. With respect to Centerview's analysis of premiums paid, the Solicitation Statement fails to disclose the individual premiums paid in the transactions observed by Centerview.

44. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

45. The omission of the above-referenced material information renders the Solicitation Statement false and misleading, including, *inter alia*, the following section of the Solicitation Statement: The Solicitation or Recommendation.

46. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### (Claim for Violation of Section 14(e) of the 1934 Act Against Defendants)

47. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

48. Section 14(e) of the 1934 Act states, in relevant part, that:

> It shall be unlawful for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders[.]

49. Defendants disseminated the misleading Solicitation Statement, which contained statements that, in violation of Section 14(e) of the 1934 Act, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not misleading.

50. The Solicitation Statement was prepared, reviewed, and/or disseminated by defendants.

51. The Solicitation Statement misrepresented and/or omitted material facts in connection with the Proposed Transaction as set forth above.

52. By virtue of their positions within the Company and/or roles in the process and the preparation of the Solicitation Statement, defendants were aware of this information and their duty to disclose this information in the Solicitation Statement.

53. The omissions in the Solicitation Statement are material in that a reasonable shareholder will consider them important in deciding whether to tender their shares in connection with the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available.

54. Defendants knowingly or with deliberate recklessness omitted the material information identified above in the Solicitation Statement, causing statements therein to be materially incomplete and misleading.

55. By reason of the foregoing, defendants violated Section 14(e) of the 1934 Act.

56. Because of the false and misleading statements in the Solicitation Statement, plaintiff and the Class are threatened with irreparable harm.

57. Plaintiff and the Class have no adequate remedy at law.

## COUNT II

**(Claim for Violation of 14(d) of the 1934 Act Against Defendants)**

58. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

59. Section 14(d)(4) of the 1934 Act states:

Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

60. Rule 14d-9(d) states, in relevant part:

Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

Item 8 requires that directors must "furnish such additional information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

61. The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits the material facts set forth above, which renders the Solicitation Statement false and/or misleading.

62. Defendants knowingly or with deliberate recklessness omitted the material information set forth above, causing statements therein to be materially incomplete and misleading.

63. The omissions in the Solicitation Statement are material to plaintiff and the Class, and they will be deprived of their entitlement to make a fully informed decision with respect to the Proposed Transaction if such misrepresentations and omissions are not corrected prior to the expiration of the tender offer.

64. Plaintiff and the Class have no adequate remedy at law.

## COUNT III

**(Claim for Violation of Section 20(a) of the 1934 Act
Against the Individual Defendants and Alexion)**

65. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

66. The Individual Defendants and Alexion acted as controlling persons of Portola within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as directors of Portola and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

67. Each of the Individual Defendants and Alexion was provided with or had unlimited access to copies of the Solicitation Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

68. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Solicitation Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly connected with and involved in the making of the Solicitation Statement.

69. Alexion also had direct supervisory control over the composition of the Solicitation Statement and the information disclosed therein, as well as the information that was omitted and/or

misrepresented in the Solicitation Statement.

70. By virtue of the foregoing, the Individual Defendants and Alexion violated Section 20(a) of the 1934 Act.

71. As set forth above, the Individual Defendants and Alexion had the ability to exercise control over and did control a person or persons who have each violated Section 14(e) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.

72. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

73. Plaintiff and the Class have no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for judgment and relief as follows:

A. Enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to file a Solicitation Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(e), 14(d), and 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.	Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.	Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: May 28, 2020

**OF COUNSEL:**

**RM LAW, P.C.**
Richard A. Maniskas
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
Telephone: (484) 324-6800
Facsimile: (484) 631-1305
Email: rm@maniskas.com

**RIGRODSKY & LONG, P.A.**

By: */s/ Gina M. Serra*
Brian D. Long (#4347)
Gina M. Serra (#5387)
300 Delaware Avenue, Suite 1220
Wilmington, DE 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530
Email: bdl@rl-legal.com
Email: gms@rl-legal.com

*Attorneys for Plaintiff*